Filed 3/15/24  U.S. Bank v. Elstead CA1/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| U.S. BANK et al.,<br><br>        Plaintiffs, Cross-Defendants and Respondents,<br><br>v.<br><br>JOHN CLIFTON ELSTEAD,<br><br>        Defendant, Cross-Complainant and Appellant. | A165202<br><br>(Alameda County<br> Super. Ct. No. RG07346492)<br><br>**ORDER MODIFYING OPINION AND DENYING REHEARING [NO CHANGE IN JUDGMENT]** |

**BY THE COURT:**

It is ordered that the opinion filed herein on February 27, 2024, be modified as follows:

On page 8, in the second-to-last sentence of the top paragraph carrying over from page 7, the reference to "in 2002" is deleted so that the sentence, as modified, states:  "The trial court ruled that Elstead is barred by res judicata from claiming that he was not in default on the loan when the foreclosure action was filed, given the claims and issues resolved in the prior litigation."

On page 8, at the end of the same carryover paragraph, insert:

1

In addition, the arguments he does make in this section of his brief are unfocused, rambling, vague and incoherent.

The petition for rehearing filed by appellant John Clifton Elstead is denied.  There is no change in the judgment.

Dated:_____

_____

STEWART, P.J.

Filed 2/27/24  U.S. Bank v. Elstead CA1/2 (unmodified opinion)

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| U.S. BANK et al.,<br><br>    Plaintiffs, Cross-Defendants and Respondents,<br><br>v.<br><br>JOHN CLIFTON ELSTEAD,<br><br>    Defendant, Cross-Complainant and Appellant. | A165202<br><br>(Alameda County Super. Ct. No. RG07346492) |

### MEMORANDUM OPINION

This is the fourth time we consider issues in the long-running dispute between homeowner John C. Elstead and various financial institutions over the defaulted home loan he took out nearly 40 years ago, in 1988, and which he has been fighting for decades to have reinstated in order to avoid foreclosure.[1]

---

[1]  We resolve this case by memorandum opinion.  (Cal. Stds. of Jud. Admin., § 8.1.)  We do not recite the factual and procedural background because our opinion is unpublished and the parties know, or should know, "the facts of the case and its procedural history."  (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851 [unpublished opinion merely reviewing correctness of trial court's decision "does not merit extensive factual or legal statement"].)

1

Previously, in a separate case that Elstead initiated in April 2002 against the servicer of his home loan, JPMorgan Chase Bank ("Chase"), over the alleged mishandling of his loan, we affirmed a grant of summary judgment in Chase's favor on all causes of action but one, and in a subsequent appeal affirmed a judgment entered in Chase's favor after a bench trial on the remaining cause of action and an award of $744,204 to Chase in prevailing party legal fees. (See *Elstead v. JPMorgan Chase Bank* (Nov. 30, 2009, Nos. A1117521, A119606) [nonpub. opn.] (*Elstead I*); *Elstead v. JPMorgan Chase Bank* (Mar. 3, 2017, Nos. A140069, A141247) [nonpub. opn.] (*Elstead II*.)

Meanwhile, this case for judicial foreclosure was filed in 2007 by the original lender's successor, Wachovia Bank, N.A. (Wachovia). The case was stayed for many years pending the outcome of Elstead's 2002 lawsuit. After the stay was lifted, Elstead filed a cross-complaint against Wachovia, Chase and American Security Insurance Company, alleging they conspired to deny him payment of homeowners' insurance proceeds for damage caused by falling trees. Later, U.S. Bank, National Association as Successor Trustee By Merger to Wachovia Bank, N.A. (US Bank) was substituted as a party for Wachovia.

By the time of the summary judgment rulings at issue in this appeal, the operative pleadings were the first amended complaint for judicial foreclosure filed on September 27, 2007, and Elstead's fifth amended cross-complaint filed on December 27, 2019.

On May 2, 2022, following the grant of summary judgment, the trial court entered a judgment in favor of US Bank on its complaint for judicial foreclosure and in favor of US Bank and Chase on all the claims in Elstead's cross-complaint. Likewise, on February 25, 2022, it entered a judgment in

2

favor of American Security Insurance on Elstead's cross-claims after granting summary judgment. We then affirmed an order issued by the superior court after judgment directing the clerk's office of that court to issue a writ of sale to effectuate the foreclosure judgment. (*U.S. Bank v. Elstead*, June 27, 2023, A166583 [nonpub. opn.] (*Elstead III*.)

Elstead timely appeals from the judgment of judicial foreclosure and the judgments rejecting his cross-claims, arguing the court erroneously granted summary judgment against him. We disagree and affirm the judgments.

## DISCUSSION

As was true in the prior appeals, Elstead has once again filed appellate briefs that are challenging to understand.

" 'In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.' " (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 146.) "Mere suggestions of error without supporting argument or authority other than general abstract principles do not properly present grounds for appellate review." (*Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2002) 100 Cal.App.4th 1066, 1078.) Likewise, it is not sufficient simply to cite legal authority without explaining how it applies. (*Doe v. McLaughlin* (2022) 83 Cal.App.5th 640, 654; *Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52.) Appellate courts are not required to "guess" how an appellant thinks the trial court erred. (*Lafayette Morehouse, Inc. v. Chronicle Publishing Co.* (1995) 37 Cal.App.4th 855, 869 (*Lafayette Morehouse*).) An appellant must "convince us, by developing his arguments, stating the law, and calling out relevant portions of the record, that the trial court committed reversible

error," and the failure to do so justifies us in rejecting the appellant's arguments on this basis alone. (*Bishop v. The Bishop's School* (2022) 86 Cal.App.5th 893, 910; accord, *Lafayette Morehouse,* at p. 869.)

Furthermore, we will consider only those issues that are identified in an argument heading of Elstead's appellate brief, because the headings define the issues on appeal. They serve to ensure that we are " ' "advised, as [we] read, of the exact question under consideration, instead of being compelled to extricate it from the mass." ' " (*United Grand, Inc. v. Malibu Hillbillies, Inc., supra*, 36 Cal.App.5th at p. 153.) " 'Failure to provide proper headings forfeits issues that may be discussed in the brief but are not clearly identified by a heading.' " (*Tsakopoulos Investments, LLC v. County of Sacramento* (2023) 95 Cal.App.5th 280, 310.)

We conclude Elstead has failed to meet his burden of demonstrating error. To a large degree, his briefs are devoid of comprehensible legal and factual analysis; he makes conclusory assertions of error in a vacuum, leaving us to guess at what the law is or how it applies; and fails to provide record citations for many of the factual assertions supporting his claims of error.

First, under argument heading II, Elstead contends that US Bank "has not met its initial burden of production establishing each element of its judicial foreclosure cause of action and lacks standing to foreclose." Under this generic argument heading he makes two points.

The first concerns US Bank's standing to pursue judicial foreclosure. Citing legal authorities, Elstead contends that in order to initiate foreclosure, US Bank was required to prove through an "unbroken chain of . . . assignments," that it owned the original promissory note. He contends that proof that the deed of trust had been assigned to US Bank is insufficient,

and even so US Bank did not produce evidence of an unbroken chain of assignments of the deed of trust in support of its summary judgment motion.

Elstead has failed to meet his burden of demonstrating error. His factual analysis of these points is conclusory, and entirely lacking in citations to the record.[2] Because we disregard all statements of fact that are not accompanied by a record citation (*Madrigal v. Hyundai Motor America* (2023) 90 Cal.App.5th 385, 408, fn. 14, review granted Aug. 30, 2023, S280598; accord, *East Oakland Stadium Alliance v. City of Oakland* (2023) 89 Cal.App.5th 1226, 1240, fn. 5; Cal. Rules of Court, rule 8.204(a)(1)(C)), we are left with nothing to analyze. "It is not our function to scour the record and make [appellant's] arguments for him." (*Billauer v. Escobar-Eck* (2023) 88 Cal.App.5th 953, 969.) Indeed, his legal analysis does not even mention all the relevant evidence.[3] (See *Diaz-Barba v. Superior Court* (2015)

---

[2] One of the more egregious examples is this assertion: "Facts 20-28 conclusively show that [US Bank] failed to satisfy the element of judicial foreclosure requiring it to prove ownership of the note and authority to foreclose . . . ."

[3] Illustrative is his assertion that US Bank failed to introduce evidence of an unbroken chain of assignments of the deed of trust. Among other evidence US Bank cites on this issue is a printout from the National Information Center of the Federal Reserve listing information pertaining to the dissolution of one of the financial institutions in the chain of title and subsequent corporate reorganizations of the succeeding entities. Elstead does not discuss that document in his opening brief much less explain why that evidence is not sufficient. Only in his reply brief does he briefly address that evidence. That is too late. It is improper to wait until the reply brief to fully develop an argument. (*Bitner v. Department of Corrections & Rehabilitation* (2023) 87 Cal.App.5th 1048, 1065, fn. 3.) " '[A]n appellant's duty attaches at the outset. It would be unfair to permit an appellant to wait to argue his substantive points until after the respondent exhausts its only opportunity to address an issue on appeal. As a general rule, points not addressed until a

236 Cal.App.4th 1470, 1487 ["not accurately and fairly stating the critical facts" is a violation of "basic principles of appellate practice"].)  Nor has he provided a comprehensible summary of the significant facts.[4]  (Cal. Rules of Court, rule 8.204(a)(2)(C).)  Discussion of the law is therefore unnecessary.[5]  An appellant " 'must convince the court, by . . . calling relevant portions of the record to the court's attention, that the trial court decision contained reversible error.' "  (*Lafayette Morehouse, supra,* 37 Cal.App.4th at p. 869.)  When the appellant does not do this, we may reject a claim of error without any further consideration.  (*Bishop v. The Bishop's School, supra,* 86 Cal.App.5th at p. 910.)  We will do so here.[6]

---

reply brief will not be considered unless good reason is shown for failing to address them earlier.' "  (*Ibid.*)

[4] In support of its summary judgment motion, US Bank filed nearly 1500 pages of evidence.  Elstead identifies those evidentiary submissions in his opening brief but does not summarize their substance in a manner that enables us to understand the evidentiary record.  Instead, his discussion of the evidence submitted in connection with the summary judgment motions is an argumentative, one-sided discussion framed as a presentation of "triable issues of fact" concerning various subjects.

[5] The law is far from clear.  US Bank asserts that possession of the note alone suffices to confer standing to foreclose, citing various provisions of the Commercial Code.  Elstead does not address that point in his reply brief; he simply repeats the law stated in his opening brief, like a ship passing US Bank's in the night.  That is not persuasive.

[6] Even if Elstead had not waived the failure-to-show-standing argument, there is a second reason for rejecting that argument, although US Bank does not raise it.  Elstead did not preserve the issue by raising it first in the trial court.  Initially, Elstead filed only a declaration and a separate statement of disputed facts in opposition to US Bank's summary judgment motion, and neither addressed the sufficiency of US Bank's evidence concerning its right to pursue foreclosure except in a conclusory fashion without any argument or authority.  Although Elstead later filed an untimely, three-page opposition to the motion, which the trial court

The second and related point Elstead makes under this generic argument heading concerns the authenticity of the note, and it fails for much the same reasons. He asserts that US Bank "did not even bother to address the over-riding issue as to loss of the original note and deed of trust, an issue that must first be resolved before the note and deed of trust produced by [US Bank] can even be considered as evidence of note ownership and standing to foreclose," and he contends it is reasonable to infer that the copies of the note and deed of trust produced by US Bank are forgeries. This argument is unsupported by any discussion of law (other than a citation to the summary judgment statute), minimal discussion of the facts, and no citations to the record. It is wholly undeveloped, and we disregard it. Furthermore, the trial court ruled that Elstead "is estopped to deny the authenticity of the Note and Deed of Trust," and Elstead has not challenged that ruling on appeal. So the substantive question of the note's authenticity is irrelevant.

Next, under argument heading III, Elstead argues that unspecified triable issues of fact preclude summary judgment for US Bank. In his

considered, that brief neither raised nor addressed the argument. Theories not presented or fully developed in the trial court cannot be asserted for the first time on appeal from summary judgment. (*Magallanes de Valle v. Doctors Medical Center of Modesto* (2022) 80 Cal.App.5th 914, 924 [disregarding argument not presented in written opposition to summary judgment motion and not brought to trial court's attention].) The argument is thus forfeited. Although respondents do not raise this forfeiture point, as we previously explained in *Elstead III* where we held an issue forfeited in the same circumstance, "[a]n appellant's burden to demonstrate prejudicial error 'remains the same whether or not the respondent files a brief or provides argument or authority on an issue.' " (*Elstead III, supra,* quoting *Doe v. McLaughlin*, *supra,* 83 Cal.App.5th at p. 655; see also *S.M. v. Los Angeles Unified School Dist.* (2010) 184 Cal.App.4th 712, 722 [deeming issue forfeited even though respondent did not argue forfeiture].)

argument, he explains this means that he "presented substantial evidence of triable issues as to all material facts, the predominant ones being those derived from the . . . allegations of default" US Bank alleged against him. We summarily reject this argument. The trial court ruled that Elstead is barred by res judicata from claiming that he was not in default on the loan in 2002 when the foreclosure action was filed, given the claims and issues resolved in the prior litigation. Elstead has not addressed the subject of res judicata in his appellate brief, and therefore has not demonstrated the trial court erred in adjudicating the issue of default against him as a matter of law.

Next, Elstead addresses the cross-complaint. He advances a two-page factual argument under the heading "WB and Chase have not met their burden of persuasion that there are no triable issues of material fact." This argument fails to establish a basis for reversal. It contains *no* discussion of any law and thus is not a cognizable appellate argument. (See, e.g., *Doe v. Ledor* (2023) 97 Cal.App.5th 731, 748-749.)

Finally, Elstead asserts that American Surety Insurance Company "has not met its burden of persuasion that there are no triable issues of material fact." This argument fails for the same reason because it simply incorporates the same factual argument just rejected, which is deficient because it contains no legal discussion.

Elstead also argues in the alternative that the court erred in ruling that his claim against American Surety Insurance Company is barred by a one-year contractual limitations provision, but it is unnecessary to address that issue because it was merely an alternative ground upon which the trial court granted summary judgment against Elstead. We presume the parties' familiarity with the court's ruling and do not repeat it here. Because Elstead has demonstrated no error in the court's *substantive* rejection of his cross-

8

claims against American Surety Insurance Company the statute of limitations issue is moot.

## DISPOSITION

The judgments are affirmed.  Respondents shall recover their costs.

_____

STEWART, P. J.

We concur.

_____

RICHMAN, J.

_____

MILLER, J.

*U.S. Bank et al. v. Elstead* (A165202)